UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZIM INTEGRATED SHIPPING SERVICES LTD., <br><br> Plaintiff, <br><br> -against- <br><br> CONVOY EXPRESS LLC, <br><br> Defendant. | **18 Civ. _____** <br><br><br> COMPLAINT |

PLEASE TAKE NOTICE that Plaintiff, ZIM INTEGRATED SHIPPING SERVICES LTD. ("ZIM"), by its attorneys, Mahoney & Keane, LLP, as and for a Complaint against Defendant, CONVOY EXPRESS LLC ("CONVOY"), alleges, upon information and belief, as follows:

1. This is a claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and falls under the Court's admiralty and maritime and federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333 in that it involves a claim for the breach of a maritime contract, as well as the Court's diversity jurisdiction pursuant to 18 U.S.C. § 1332.

2. Plaintiff, ZIM, is a corporation duly organized and existing pursuant to the laws of foreign country, with offices and place of business located in Haifa, Israel.

3. Defendant, CONVOY, is a domestic corporation with offices and a place of business located at 400 Rella Boulevard, Suite 165, Suffern, New York 10901.

4. The United States District Court for the Southern District of New York is the proper venue for this action pursuant to the forum-selection clause contained in the governing Sea Waybills of Lading, and because the Defendant resides in this District and thus the transactions giving rise to the requested damages occurred this District.

5. Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

## AS AND FOR A FIRST CAUSE OF ACTION

6. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "5" as if specifically set forth herein at length.

7. On or about November, 2016 through February, 2017, and at all times relevant herein, ZIM, as "Carrier", and CONVOY, as "Shipper", entered into and were parties to bills of lading numbered ZIMUORF068651701, ZIMUORF065962301, ZIMUORF0670809, and ZIMUORF0688111, for the ocean carriage of cargoes of rubber compounds from Savannah, Georgia to Ningbo, China and Haiphong, Vietnam.

8. Plaintiff duly performed all duties and obligations required to be performed by Plaintiff in connection with the goods.

9. Defendant wrongfully, willfully, negligently and/or fraudulently breached the terms of the subject agreements by, inter alia, failing to pay for freight, per diem charges, detention, demurrage, storage, disposal, and/or other associated and incidental costs and expenses accrued on delivered and unclaimed containers, all as duly invoiced by Plaintiff to Defendant.

10. As a result of Defendant's breach of the agreements, Plaintiff haa incurred, and will continue to incur, costs and expenses for which Defendant is liable under the terms of the governing contracts and at law.

11. Plaintiff has placed Defendant on notice of its claim that Defendant has breached the subject agreements and violated Plaintiff's rights under the law.

12. Despite Plaintiff's repeated demands, Defendant has failed to pay the Plaintiffs' damages due and owing under the agreements and at law.

13. By reason of the foregoing, Plaintiff has sustained damages in the amount of $258,891.00, together with interest, costs, fees, including reasonable attorneys' fees, and expenses.

AS AND FOR A SECOND CAUSE OF ACTION

14. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "13" as if specifically set forth herein at length.

15. Defendant has an account stated with Plaintiff.

16. By reason of the foregoing, Plaintiff has sustained damages in the amount of $258,891.00, together with interest, costs, fees, including reasonable attorneys' fees, and expenses.

AS AND FOR A THIRD CAUSE OF ACTION

17. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "16" as if specifically set forth herein at length.

18. Defendant has been unjustly enriched at Plaintiff's expense, and Plaintiff is entitled to restitution from Defendant in the amount of $258,891.00, together with interest, costs, fees, including reasonable attorneys' fees, and expenses.

AS AND FOR A FOURTH CAUSE OF ACTION

19. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "18" as if specifically set forth herein at length.

20. Plaintiff is due from Defendant the <u>quantum meruit</u> of Plaintiff's services.

- 4 -

WHEREFORE, Plaintiffs pray that judgment be entered in favor of Plaintiffs for an amount exceeding $258,891.00, together with interest, costs, fees, including reasonable attorneys' fees, and disbursements; that Court process be issued against the Defendant; and that Plaintiffs be granted such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         October 22, 2018

                    MAHONEY & KEANE, LLP
                    Attorneys for Plaintiff

By:   s/ Garth S. Wolfson
      Edward A. Keane
      Garth S. Wolfson
      61 Broadway, Suite 905
      New York, New York 10006
      (212) 385-1422